# Order

Michigan Supreme Court
Lansing, Michigan

September 17, 2014

147235 & (6)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

_____

In re:

The Honorable Sheila Ann Gibson                    SC: 147235
Judge, 3rd Circuit Court
Detroit, Michigan

_____/

      On June 11, 2013, the Judicial Tenure Commission filed a Decision and Recommendation. It was accompanied by a Settlement Agreement with the respondent, Third Circuit Court Judge Sheila Ann Gibson, who consented to the Commission's findings of fact and conclusions of law, and to the Commission's recommendation that she be publicly censured. On September 25, 2013, this Court entered an order remanding the matter to the Commission for further explication, retaining jurisdiction. The Commission issued a Supplemental Decision and Recommendation on November 12, 2013. On March 7, 2014, this Court entered an order rejecting the recommendation of a public censure and remanding the matter to the Commission for a new recommendation or a status report, retaining jurisdiction.

      The Commission issued its Second Decision and Recommendation on April 14, 2014. It is accompanied by an amended settlement agreement, in which the respondent stipulated to findings of fact, and consented to a sanction that would be no greater than a public censure and 30-day suspension without pay.

      As we conduct our de novo review of this matter, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1291, 1292-1293 (2000):

      [E]verything else being equal:

      (1)     misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;

      (2)     misconduct on the bench is usually more serious than the same misconduct off the bench;

      (3)     misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;

(4)     misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;

(5)     misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;

(6)     misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;

(7)     misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.

The JTC should consider these and other appropriate standards that it may develop in its expertise, when it offers its recommendations.

In this case, those standards are being applied to the findings of the Judicial Tenure Commission.  The Commission adopted the stipulations of fact agreed to by the respondent and the examiner.  We adopt the following findings of the Commission as our own:

1.     Judge Gibson is, and at all material times was, a judge of the 3rd Circuit Court in Detroit, Michigan.

2.     As a judge, she is subject to all the duties and responsibilities imposed on judges by the Michigan Supreme Court, and she is subject to the standards for discipline set forth in MCR 9.104 and MCR 9.205.

3.     On November 8, 2012, Detroit-area television station WXYZ-TV broadcast a story about Judge Gibson.  The story basically stated that they had monitored the times Judge Gibson had arrived at the Lincoln Hall of Justice and had left the Hall of Justice during the week of October 14, 2012.

4.     WXYZ-TV reported that on Monday, October 15, 2012, Judge Gibson arrived at the courthouse parking lot at 10:55 a.m. and took the bench at approximately 11:00 a.m.

5.     There were 18 matters set for hearing the morning of the 15th: 10 matters at 9 a.m., two matters at 9:30 a.m., and six matters at 10:00 a.m.

Litigants, attorneys, and witnesses were present in the courtroom as early as 9 a.m. Therefore, some of the litigants, attorneys and witnesses may not have been able to have their matter addressed in as timely a fashion as they would have had if Judge Gibson had arrived at the courthouse by 9 a.m.

6.    WXYZ-TV reported that on Tuesday, October 16, 2012, Judge Gibson arrived at the courthouse parking lot at 10:38 a.m. and took the bench at approximately 11:00 a.m.

7.    There were 16 matters set for hearing the morning of the 16th: 11 matters at 9 a.m., two matters at 9:30 a.m., and three matters at 10:00 a.m. Litigants, attorneys, and witnesses were present in the courtroom as early as 9 a.m.  Therefore, some of the litigants, attorneys and witnesses may not have been able to have their matter addressed in as timely a fashion as they would have had if Judge Gibson had arrived at the courthouse by 9 a.m.

8.    WXYZ-TV reported that on Wednesday, October 17, 2012, Judge Gibson arrived at the courthouse parking lot at 10:58 a.m. and took the bench at approximately 11:00 a.m.

9.    There were 22 matters set for hearing the morning of the 17th: eight matters at 9 a.m., eight matters at 9:30 a.m., and six matters at 10:00 a.m. Litigants, attorneys, and witnesses were present in the courtroom as early as 9 a.m.  Therefore, some of the litigants, attorneys and witnesses may not have been able to have their matter addressed in as timely a fashion as they would have had if Judge Gibson had arrived at the courthouse by 9 a.m.

10.    WXYZ-TV reported that on Thursday, October 18, 2012, Judge Gibson arrived at the courthouse parking lot at 10:30 a.m. and took the bench at approximately 11:00 a.m.

11.    There were 15 matters set for hearing the morning of the 18th: six matters at 9 a.m., four matters at 9:30 a.m., and five matters at 10:00 a.m. Litigants, attorneys, and witnesses were present in the courtroom as early as 9 a.m.  Therefore, some of the litigants, attorneys and witnesses may not have been able to have their matter addressed in as timely a fashion as they would have had if Judge Gibson had arrived at the courthouse by 9 a.m.

12.    WXYZ-TV reported that on Friday, October 19, 2012, Judge Gibson arrived at the courthouse parking lot at 10:05 a.m. and took the bench at approximately 11:00 a.m.

13.	There were 15 matters set for hearing the morning of the 19th: three matters at 9 a.m., 10 matters at 9:30 a.m., and two matters at 10:00 a.m. Litigants, attorneys, and witnesses were present in the courtroom as early as 9 a.m. Therefore, some of the litigants, attorneys and witnesses may not have been able to have their matter addressed in as timely a fashion as they would have had if Judge Gibson had arrived at the courthouse by 9 a.m.

14.	WXYZ-TV reported that on these five days Judge Gibson left the courthouse between 4:00 p.m. and 4:30 p.m.

We also adopt the Commission's conclusion that these facts demonstrate, by a preponderance of the evidence, that the respondent breached the standards of judicial conduct in the following ways:

The Commission finds that Respondent has committed judicial misconduct, violat[ed] the Code of Judicial Conduct, creat[ed] the appearance of impropriety and breach[ed] the standards of judicial conduct. Respondent is responsible for all of the following:

(a)	Misconduct in office, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30, and MCR 9.205;

(b)	Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30, and MCR 9.205;

(c)	Failure to establish, maintain, enforce and personally observe high standards of conduct [so] that the integrity and independence of the judiciary may be preserved, contrary to the Code of Judicial Conduct, Canon 1;

(d)	Irresponsible or improper conduct which erodes public confidence in the judiciary, in violation of the Code of Judicial Conduct, Canon 2A;

(e)      Conduct involving impropriety and the appearance of impropriety, in violation of the Code of Judicial Conduct, Canon 2A;

(f)      Conduct which is prejudicial to the proper administration of justice, in violation of MCR 9.104(1);

(g)      Conduct which exposes the legal profession or the courts to obloquy, contempt, censure, or reproach, in violation of MCR 9.104(2); and

(h)      Lack of personal responsibility for her own behavior and for the proper conduct and administration of the court in which she presides, contrary to MCR 9.205(A).

After reviewing the Second Decision and Recommendation of the Judicial Tenure Commission, the settlement agreement, the clarification of the amended settlement agreement, the standards set forth in *Brown*, and the above findings and conclusions, we accept the recommendation of the Commission and ORDER that the Honorable Sheila Ann Gibson be publicly censured and suspended without pay for 30 days, effective 21 days from the date of this order. This order further stands as our public censure.

KELLY, J., not participating.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 17, 2014



Clerk

h0910